# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GARY ALLENBRAND,

        Plaintiff,                              CIVIL ACTION

        v.                                       Case No. 05-2511-KHV-GLR

LOUISVILLE LADDER GROUP LLC
("LLG"),

        Defendant.

## PROTECTIVE ORDER

This matter comes before the Court on Defendant's Motion for Protective Order (doc. 12). Defendant moves the Court for an entry of protective order limiting the disclosure and dissemination of certain information and materials deemed to be confidential and has provided its proposed protective order. Plaintiff opposes the motion. He argues that the proposed protective order submitted by Defendant is overly broad in that it would prohibit Plaintiff from discussing the case with other attorneys having same or similar types of litigation. He also asserts that the proposed protective order submitted by Defendant as it is currently written gives Defendant the discretion to mark whether documents are deemed "confidential." As set forth below, Defendant's Motion for Protective Order is granted in part and denied in part.

This case involves claims for damages allegedly suffered by Plaintiff as a result of his fall from a ladder manufactured by Defendant Louisville Ladder Group LLC ("LLG"). Plaintiff's claims against LLG stem from the alleged defective condition of said ladder. As part of the discovery process, and subject to a Consent Protective Order in Case No. 04-cv-2210, *Gary Allenbrand v. Louisville Ladder Group, LLC*, which was dismissed without prejudice on June 9, 2005, LLG produced, *inter alia*, materials relating

to the design and specifications for the subject ladder, documents relating to testing of the subject ladder, and other documents relating to LLG's business. The parties have agreed that any and all discovery from Case No. 04-cv-2210 can now be used in the present case.

Plaintiff raises a legitimate issue that Defendant, as the moving party, has the burden to show that the information to be protected is indeed confidential, proprietary, trade secret, or within a category of information that qualifies for protection. The decision whether to enter a protective order lies within the sound discretion of the court.[1] Federal Rule of Civil Procedure 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[2] The April 11, 2006 Scheduling Order (doc. 11) entered in this case requires any proposed protective order to include "a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c)."

Upon review of the motion and the proposed protective order, the Court finds that Defendant has shown good cause to keep "any design drawings or specifications concerning any model of ladder manufactured by LLG, along with documents evidencing testing of the same" confidential between the parties. In the parties' Consent Protective Order entered in Case No. 04-2210, all parties agreed that "[a]ny design drawings or specifications concerning any model of ladder manufactured by LLG, along with documents evidencing testing of the same" were confidential and proprietary. By virtue of that recitation, the Court finds that Plaintiff has already conceded that the documents relating to the design, specifications,

---

[1] *Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995).

[2] Fed. R. Civ. P. 26(c).

and testing of Defendant's ladders indeed qualify for protection.  The prior Consent Protective Order, however, does not include a recitation of "other documents relating to LLG's business."  Thus, the Court finds Defendant has not met its burden of showing that any "other documents relating to [its] business" qualify for protection.

Accordingly, the Court enters the following protective order:

Any design drawings or specifications concerning any model of ladder manufactured by LLG, along with documents evidencing testing of the same, are confidential and proprietary.  Such information provides insight into the special nuances and aspects of LLG's ladder designs and testing.  Opening such documents to the public would give LLG's competitors a clear view of its designs, testing, and business methods, which could thereby decrease LLG's competitive advantage.  This potential damage to LLG constitutes a "sufficiently specific recitation" of good cause for this protective order, as required by Fed.R.Civ.P. 26(c).  It is also important to note that the decision whether to enter into a protective order lies within the sound discretion of this Court.

Pursuant to the Federal Rules of Civil Procedure, the Court makes the following Protective Order which shall be permanently binding and enforceable against the parties.

1.       APPLICABILITY.  This Order shall apply to any design drawings or specifications concerning any model of ladder manufactured by LLG, along with documents evidencing testing of the same relating to the design, specifications, or testing related to any ladder manufactured by LLG; which was produced in Case No. 04-2210-JWL-DJW, or which is produced by any party to this litigation for examination by another or for placement in the record, and which is designated as "CONFIDENTIAL."  All confidential documents or testimony shall bear the stamp "CONFIDENTIAL" upon the face of each page of content.  If, however, such document or testimony is a collective or composite document, the

"CONFIDENTIAL" stamp need only appear on the first page, and all succeeding pages shall be treated as if stamped.

2. <u>COURT SUPERVISION</u>. Any party challenging the designation of a particular document, information content, or subject matter as confidential may seek conciliation of such challenge and, failing conciliation, move for disclosure of the disputed subject matter. However, until such time as a challenge is conciliated or determined by the Court, all subject matter designated confidential by a party shall be protected under this Order.

3. <u>PROTECTION</u>.

1) No subject matter designated or held to be "CONFIDENTIAL" in accordance with this Order may be disclosed, discussed or in any way communicated to any person other than:

a) The attorneys of record in this action, including paralegals and immediate secretarial and clerical staffs who may be assisting said attorneys in the preparation of this case.

b) Any one or more of the parties to this action when it is necessary for a person designated in subparagraph (a) above to confer for the purpose of preparing this action for litigation.

c) Such persons or entities designated as consulting or testifying expert witnesses in this case, provided that such persons shall prior to disclosure, execute and affirm before a Notary Public a written statement under the caption of this cause and containing the following language:

> I hereby acknowledge that information designated as "CONFIDENTIAL" is being disclosed to me only upon the condition that I agree to be subject to the Protective Order entered in the above-captioned civil action by the United States District Court, District of Kansas. I have read and understand such Protective Order and I hereby agree to abide by and be bound by such Order under all penalties

prescribed therein, including contempt of Court.

The above statement shall be served upon all counsel.

No subject matter designated or held to be "CONFIDENTIAL" shall be used, conveyed or transmitted in any manner by any person or entity for any purpose whatsoever other than for the preparation and trial of this action. The execution of this Protective Order shall not affect the admissibility or non-admissibility of any materials in any proceeding.

All subject matter designated or held "CONFIDENTIAL" under this Order, all copies thereof, and all memoranda or other media disclosing the contents thereof shall remain, except as specified below, in the custody of persons subject to this Order.

All deposition transcripts, exhibits, answers to interrogatories, affidavits, stipulations, briefs, memoranda of law, and other documents or materials which may be filed with the Court pursuant to pre-trial discovery or at the hearing, comprising, containing, or otherwise disclosing subject matter designated or held "CONFIDENTIAL" under this Order shall be filed in a sealed envelope or other appropriate container, following the filing of a stipulated to motion seeking leave to file said particular documents under seal by the parties and entry of a Court Order granting said leave, on which shall be endorsed the style of this action, the words "CONFIDENTIAL INFORMATION," a description of the nature of the contents and a statement substantially in the following form:

> This envelope contains confidential and privileged material subject to protection under Protective Order of the Court and which are permitted to be filed under seal pursuant to Court Order dated _____. This envelope is not to be opened or its contents disclosed or revealed except by Order of the Court. The referenced documents shall be filed conventionally with the clerk's office pursuant to District of Kansas Electronic Filing Rule III.A. Furthermore, pursuant to said rule, this Order shall act as authorization for the filing of documents identified or designated as "CONFIDENTIAL" under seal.

Upon final termination of this action, the parties and all other persons having possession, custody or control of subject matter governed by this Order shall assemble and return all such subject matter to the party who produced such materials, including all copies or duplicates thereof which may ever have been made.

Every person or entity bound by this Order shall exercise special care to ensure that any partner, employee, servant, agent or attorney for the person so bound who obtains confidential subject matter, and who thereafter leaves the partnership, employment or agency of the principal so bound, shall restore all confidential subject matter to such principal and shall not disclose the same to any other person or entity.

4. NON-WAIVER. Nothing in this order shall be construed to preclude any party's right to object to any discovery, testimony or other proceeding on any ground, or to seek access by means of formal discovery or other court process in other litigation to material produced subject to this protective order, except as otherwise limited in the following sentence. Before seeking access in other litigation to material subject to this protective order, a party shall give notice and an opportunity to be heard in order that a determination can be made whether the process or act of seeking access would itself undermine or circumvent this protective order. The fact that subject matter designated or held "CONFIDENTIAL" under this order may be the subject of testimony or other evidence shall not in any way vitiate this order.

5. ENFORCEMENT. A violation of this order may be redressed by any appropriate process on motion of any party or other person or entity aggrieved by such violation.

IT IS SO ORDERED.

Dated in Kansas City, Kansas, this 13th day of June, 2006.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge
