GLR/mc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GARY ALLENBRAND,

                Plaintiff,

                                       CIVIL ACTION

v.

                                        No. 05-2511-KHV-GLR

LOUISVILLE LADDER GROUP, LLC,

                Defendant.

## MEMORANDUM AND ORDER

        This matter comes before the Court on Defendant's Motion to Exclude the Expert Testimony of Dr. Flanigan and Dr. Prostic and Strike Dr. Flanigan's Report, or, in the Alternative, for an Extension of Time to Disclose Expert Witnesses (doc. 22).  Defendant Louisville Ladder Group, LLC ("LLG") moves to exclude the expert testimony of two of Plaintiff's expert witnesses, Dr. Virgil Flanigan and Dr. Edward Prostic, and strike Dr. Flanigan's report.  It alternatively requests an extension of time to disclose its own expert witnesses.  Defendant's motion sets forth several grounds in support:  (1) Plaintiff's initial disclosures failed to satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B), (2) Dr. Flanigan's report was untimely served on Defendant, (3) A report was never served for Dr. Prostic, and (4) Dr. Flanigan's report fails to meet the requirements of *Daubert* and Fed. R. Evid. 702.  Defendant's allegations of Plaintiff's noncompliance with Fed. R. Civ. P. 26(a)(2)(B) are accurate.  For reasons herein stated, however, the Court will deny the motion to exclude expert testimony and to strike the report.  The Court will grant the alternative motion for an extension of time to disclose expert witnesses.  The Court will also order Plaintiff to submit complete expert reports that comply with Fed. R. Civ. P. 26(a)(2).

## I.      FACTUAL BACKGROUND

This case arises from an accident that occurred May 30, 2002.  Plaintiff alleges that a ladder manufactured by Defendant, upon which he was working, collapsed, causing him to fall and sustain severe injuries.  The case comes before the Court a second time, after Plaintiff voluntarily dismissed his earlier case on June 9, 2005.

The April 11, 2006 Scheduling Order (doc. 11) entered in this case required Plaintiff to serve his Rule 26(a) expert disclosures by June 20, 2006.  On June 19, 2006, he served "Plaintiff's Disclosure of Experts Pursuant to Fed. R. Civ. P. 26(a),"which identified Cris D. Barnthouse, M.D.; Virgil J. Flanigan, Ph. D., P.E.; and Edward J. Prostic, M.D., as his expert witnesses.  His disclosure included their addresses and a brief description of their intended use at trial.  Plaintiff's disclosure stated that Dr. Flanigan is expected to testify concerning the design of the ladder, explain the reason for the ladder failure, and discuss steps required to avoid this type of failure.  It further stated that Dr. Prostic is expected to testify concerning the necessity of the medical care that plaintiff received from all of the health care providers, the necessary and reasonableness of the medical bills and causation. Dr. Prostic is also expected to testify as far as future medical care that the plaintiff will require.   At the time the disclosures were filed, Plaintiff, however, did not serve Defendant with written reports prepared and signed by the expert witnesses.

On June 30, 2006, Defendant filed its objection to Plaintiff's June 19, 2006 expert disclosures (doc. 20).  On July 6, 2006, Plaintiff filed a response to the objection (doc. 21).  On that same day he also served Defendant with a report from Dr. Flanigan, dated December 5, 2005.  On July 18, 2006, Defendant filed the instant motion. On that same day, Plaintiff provided Defendant with Dr. Flanigan's *curriculum vitae*, a list of the cases in which Dr. Flanigan had testified from

2002 to 2006, and Dr. Prostic's *curriculum vitae*.  Plaintiff filed his response to the instant motion

on July 31, 2006.  On August 14, 2006, Defendant filed a reply to the response.

Defendant's deadline for disclosure of its experts was September 11, 2006 (extended from

August 20, 2006).  Defendant has filed a motion seeking to extend this deadline until November 1,

2006.

## II.     LEGAL ANALYSIS

### A.     Plaintiff's expert disclosure, including the required written report, is untimely and inadequate under the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 26(a)(2)(B) requires disclosure of expert witnesses along with a written report

containing:

> a complete statement of all opinions to be expressed and the basis and reasons
> therefor; the data or other information considered by the witness in forming the
> opinions; any exhibits to be used as a summary of or support for the opinions; the
> qualifications of the witness, including a list of all publications authored by the
> witness within the preceding ten years; the compensation to be paid for the study and
> testimony; and a listing of any other cases in which the witness has testified as an
> expert at trial or by deposition within the preceding four years.

Plaintiff failed to serve his expert reports along with the required disclosures by the June 20,

2006 Scheduling Order deadline.  This failure violates Rule 26(a)(2)(B) and subjects Plaintiff to

sanctions under Rule 37(c)(1).

Plaintiff, however, did serve Defendant with Dr. Flanigan's report on July 6, 2006.  Even if

Plaintiff had timely served Dr. Flanigan's report, it nevertheless fails to provide all the information

required under Rule 26(a)(2)(B).  It contains summary data about examination of a buckled ladder,

presumably, although not explicitly designated as, the ladder at issue in this case.  The report does

not state an opinion as to why the ladder failed or why a certain change would correct the alleged

defect, or steps required to avoid this type of failure.  It merely shows the failure points of the ladder,

3

gives a tutorial on rivets, and gives a brief recommendation as to better ladder design.  Plaintiff, of course, may thus intend to limit the expert testimony to what is thus stated.  The Court finds Plaintiff noncompliant with Rule 26(a)(2)(B).

Plaintiff has supplemented his expert disclosures by submitting Dr. Flanigan's *curriculum vitae* and a list of other cases in which he has testified in the last four years.  While this further addresses the requirements of Rule 26(a)(2)(B), he has still not disclosed the compensation being paid to Dr. Flanigan.  Plaintiff, therefore, has not yet fully complied with Rule 26(a)(2)(B).

As to his other disclosed experts, Dr. Barnthouse and Dr. Prostic, Plaintiff has not served any written reports.  He states that Dr. Barnthouse will only testify as a treating physician, so as to be excepted from the requirement of expert disclosures.  Plaintiff has not complied with Rule 26(a)(2)(B), however, with respect to Dr. Prostic.

> **B.     Plaintiff's failure to comply with Rule 26(a)(2)(B) subjects him to sanctions under Rule 37(c)(1), including possible exclusion of Plaintiff's expert witnesses.**

Failure to satisfy the requirements of Rule 26(a)(2)(B) subjects the offending party to sanctions under Rule 37(c)(1).  "A party who 'without substantial justification, fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.'"[1]  In determining whether a Rule 26(a) violation is substantially justified or harmless, a court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to

---

[1] Fed. R. Civ. P. 37(c)(1).  *See also John McClelland & Assocs., Inc. v. Med. Action Indus., Inc.*, No. 04-2545-CM, 2006 WL 2054439, at *1 (D. Kan. July 21, 2006).

4

which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[2]  The Court will address these factors.

      i       <u>Defendant is potentially prejudiced by Plaintiff's failure to comply with Rule 26(a)(2)(B).</u>

By failing to produce expert reports in compliance with Rule 26(a)(2)(B), Plaintiff has possibly prejudiced Defendant.  A party needs to know the substance of the testimony of the other party's experts for no prejudice to exist.[3]  Prejudice exists if testimony at trial that will likely contain substantially more information than presented in the expert report.[4]  If the testimony of Plaintiff's experts will contain more information than what is disclosed in their reports, Defendant incurs prejudice.

As Plaintiff implicitly admits, Dr. Flanigan's expert report is lacking.[5]  It does not contain much more information than the correct use of rivets.  There are no conclusions as to the exact failure of the ladder in question.  Dr. Flanigan offers a recommendation as to constructing a safe ladder.  He does not support his recommendations.  Nor does he state how the ladder at issue failed to meet his standard.  Dr. Flanigan will likely give testimony beyond what he reveals in his report and thus prejudice Defendant.

---

[2] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).

[3] *Id.*

[4] *See id.* (Defendant's experts' failure to complete research and designation of completed research as "subject to amendment after additional analysis" prejudiced Plaintiff because testimony different than that in the reports could be presented at trial).

[5] *See* Pl.'s Resp. to Def.'s Mot. To Preclude Expert Test., at 4 (Doc. 27-1) (asking the court to delay ruling on the admissibility of Dr. Flanigan's testimony until a discovery deposition can be taken and other discovery has been produced).

Plaintiff has not submitted a report for Dr. Barnthouse or Dr. Prostic.  The motion does not challenge the testimony of Dr. Barnthouse.  Defendant, however, has challenged the admissibility of Dr. Prostic's testimony. Plaintiff has failed to submit a report for Dr. Prostic.  Defendant is thus left without sufficient information to find its own expert witnesses.  Accordingly, Defendant would be prejudiced by the introduction of Dr. Prostic's expert testimony at trial.   Plaintiff has not submitted expert reports sufficient to satisfy the rules.

ii    <u>Plaintiff could most likely cure the defects in his compliance with Rule 26(a)(2)(B).</u>

The second factor to consider is whether Plaintiff can somehow cure the potential prejudice. Plaintiff could probably do so by submitting reports from Dr. Flanigan and Dr. Prostic that comply with Rule 26(a)(2)(B).  Dr. Prostic was scheduled to examine Plaintiff August 22, 2006, and to submit an expert report to Defendant at that time. Trial in this case is set for February 20, 2007. Allowing Plaintiff time to submit complete expert reports would not likely disrupt the trial schedule. Supplementation of Dr. Flanigan's report and disclosure of additional information required under 26(a)(2)(B), such as exhibits used in summary of or in support of Dr. Flanigan's opinions, and the compensation to be paid to Dr. Flanigan should satisfy the rules and provide sufficient information for Defendant to find its own experts.  Plaintiff should be able to cure any potential prejudice by submitting complete reports.

iii    <u>Introduction of Plaintiff's experts' testimony will not disrupt the trial.</u>

The third factor to consider is the possible disruption of the trial if the expert testimony is allowed.  With the setting more than five months away, the Court can allow additional time to comply with 26(a)(2)(B) without disrupting the trial.

    iv    <u>No allegation has been made, evidence presented, or finding made as to bad
          faith or willfulness.</u>

The fourth factor to consider is the moving party's bad faith or willfulness.  Defendant has

not alleged, nor has the Court found, that Plaintiff has acted in bad faith or willfully in failing to

comply with Rule 26(a)(2)(B).  But "good faith alone would not be enough to overcome the other

factors."[6]  If Plaintiff's experts are allowed to testify on the basis of their incomplete reports,

Defendant may indeed be prejudiced.  With the trial date more than five months away, however,

Plaintiff should be given leave to file complete reports.

**C.    Defendant's Fed. R. Evid. 702 and *Daubert* challenge to Dr. Flanigan's
       testimony and report is premature and should be considered only after Plaintiff
       submits complete reports.**

Defendant challenges Dr. Flanigan's designation as an expert witness.  Defendant alleges

that Dr. Flanigan and his report fail to meet *Daubert* and Fed. R. Evid. 702 standards.[7]  Defendant

argues that it is not premature to rule on a motion to exclude expert testimony at this time.  In

support of this argument, Defendant cites *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*[8]  The

court in *United Phosphorus* granted a motion *in limine*, excluding additional exhibits to an expert

report because the defendant failed to demonstrate substantial justification and harmlessness under

Rule 37(c)(1).[9]  The Court here finds, however, that Plaintiff can still comply with Rule 26(a)(2)(B).

It would be premature to apply *United Phosphorus*.

---

    [6]  *Jacobson*, 287 F.3d at 954.

    [7]  Def. Louisville Ladder Group, LLC's Reply in Supp. of its Mot. to Exclude the Expert Test.
of Dr. Flanigan and Dr. Prostic and Strike Dr. Flanigan's Report, or, in the Alternative, for an
Extension of Time to Disclose Expert Witnesses, at 6 (Doc. 28-1).

    [8]  173 F.R.D. 675 (D. Kan 1997).

    [9]  *Id.* at 677.

Defendant also cites *Hernandez v. City of Albuquerque*,[10] to illustrate a court's excluding an expert and his report for failure to satisfy *Daubert* and Fed. R. Evid. 702. The District of New Mexico court in *Hernandez* excluded the defendant's expert's report because the expert was not qualified as a medical expert.[11] The court found that the proffered expert's report was unclear as to what materials the expert relied upon and the basis of his opinion, thereby rending the expert's theories and opinions unreliable and his conclusions speculative.[12] While useful to demonstrate the application of Fed. R. Evid. 702 and *Daubert* requirements, Defendant's reliance on *Hernandez* is misplaced. *Hernandez* does not contain similar facts to the present case. The Court finds the *Daubert* challenge premature. After Plaintiff has had opportunity to submit additional expert reports, Defendant may submit a further motion, if then appropriate, to exclude Dr. Flanigan and his report. Thus, Defendant's motion to exclude the testimony of Dr. Flanigan and his report should be denied as premature.

## D.   CONCLUSION

Plaintiff's failure to submit expert reports by June 20, 2006 violates Fed. R. Civ. P. 26(a)(2)(B). The failure subjects Plaintiff to sanctions under Fed. R. Civ. P. 37(c)(1). His violation is excusable, if he has substantial justification or the failure was harmless. The Court considers his failure to comply with Rule 26(a)(2)(B) harmless, because it can be cured without delay to the trial schedule of February 20, 2007—more than five months away. Because Plaintiff should be allowed time to submit complete expert reports, a motion to exclude experts and their reports is premature

---

[10]  No. CIV 02-0333 JB/RHS, 2003 WL 24130245 (D.N.M. Dec. 24, 2003).

[11]  *Hernandez*, 2003 WL 24130245, at *3–5.

[12]  *Id.* at *4-5.

at this time, and is therefore be denied.  Defendant's alternative motion for an extension of time to disclose its own expert witnesses is granted to give it time to procure experts after Plaintiff discloses his revised report.

     **IT IS THEREFORE ORDERED THAT** Defendant's Motion to Exclude the Expert Testimony of Dr. Flanigan and Dr. Prostic and Strike Dr. Flanigan's Report, or, in the Alternative, for an Extension of Time to Disclose Expert Witnesses (doc. 22) is granted in part and denied in part.  Defendant's motion to exclude two of Plaintiff's experts and their reports is premature at this time, and is denied.   Plaintiff shall serve his revised expert reports, that comply with the requirements of Fed. R. Civ. P. 26(a)(2), no later than **October 2, 2006.**  Defendant's alternative motion for an extension of time to disclose its own expert witnesses is granted to give it time to procure experts after Plaintiff discloses his revised report.  Defendant's deadline to disclose retained experts and serve expert reports pursuant to Fed. R. Civ. P. 26(a)(2) is extended to **November 1, 2006**.

     **IT IS FURTHER ORDERED THAT** Defendant Louisville Ladder Group, LLC's Request for Oral Argument on its Motion to Exclude the Expert Testimony of Dr. Flanigan and Dr. Prostic and Strike Dr. Flanigan's Report, Or, in the Alternative, for an Extension of Time to Disclose Expert Witnesses (doc. 29) is denied.

     **IT IS FURTHER ORDERED THAT** Defendant Louisville Ladder Group, LLC's Motion for an Extension of Time to Disclose Expert Witnesses and Submit Expert Reports, and Request for a Status Conference (doc. 30) is granted in part and denied in part.  In accordance with the rulings herein, Defendant is granted an extension of time to **November 1, 2006** to disclose retained experts

and submit expert reports pursuant to Fed. R. Civ. P. 26(a)(2).  Defendant's request for a status conference is denied.

Dated in Kansas City, Kansas on this 15th day of September, 2006.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:     All counsel and *pro se* parties